[Civ. No. 17720. Second Dist., Div. Two. Feb. 8, 1951.]

SILVER'S LIQUOR STORES, INC. (a Corporation), Appellant, v. L. E. CREEDEN, Respondent.

Riedman & Silverberg for Appellant.

Cree & Brooks for Respondent.

McCOMB, J.—Plaintiff appeals from a judgment in favor of defendant refusing to decree the cancellation of a lease of real property on the ground of misrepresentation.

*Facts:* Defendant owned a building at 1292 West Willow Street, Long Beach, California. In October, 1946, the building fronted on Willow Street and had full and free access for both automobile and foot traffic.

In October of 1946, defendant leased the building to plaintiff for a period of five years for a total rental of $9,000, the lease to commence on February 1, 1947. The date of

commencement was extended to March 15, 1947, because defendant could not give possession.

Prior to making the lease defendant had been informed that the city of Long Beach intended to erect a bridge with approaches which would affect defendant's property.

After the lease was entered into, and before plaintiff took possession, the city of Long Beach caused to be constructed a bridge somewhat east of the store, the bridge being so constructed as to effectively cut off all access to and from said store from the highway and almost totally blocking the view of the store from the highway.

Plaintiff instituted the present action claiming that defendant had misrepresented that there would be free access to the store; that there would be parking in front of the store on the street; and that the proposed bridge would not adversely affect the premises.

Defendant filed a cross-complaint seeking the amount of rental due under the lease. The trial court gave judgment in favor of defendant on the complaint and in favor of defendant on his cross-complaint.

Plaintiff's contention that the following findings of fact are not supported by substantial evidence is without merit:

1. "That it is true that at the time, and prior to the time the said lease was entered into, the defendant and cross-complainant represented to the plaintiff and cross-defendant that a bridge was to be placed near the said premises."

This particular finding is supported by the allegation in paragraph I of plaintiff's complaint.

2. "That it is not true that the defendant and cross-complainant represented that the said bridge would in no way interfere with access to or from said premises."

This finding is supported by defendant's testimony wherein defendant stated that he did not tell plaintiff that the bridge was going to terminate at Fashion and Willow but that if there was any information about it, it could be obtained from the city hall.

3. "That it is not true that, prior thereto, defendant and cross-complainant was informed that the said property would be condemned."

The record is devoid of any evidence that condemnation proceedings had been instituted or was known to defendant.

4. "That it is true that, prior thereto, the defendant and

cross-complainant had been informed that the city of Long Beach and county of Los Angeles had planned to erect a bridge, the approach to which would be directly in front of the said premises.''

Three witnesses testified to the foregoing fact which supports such finding.

5. ''That it is not true that, prior thereto, the defendant and cross-complainant was informed that the erection of the said bridge would render it impossible or extremely difficult to gain access to or from the said premises.''

The evidence discloses that defendant relied upon the statements of the city manager of the city of Long Beach as shown in a letter from him reading thus: ''This matter has been reviewed carefully by our Engineering Department and our appraiser and it is our belief that there will be little if any damage to your property resulting from this improvement.''

6. ''That it is not true that the defendant and cross-complainant fraudulently and/or falsely withheld from the plaintiff and cross-defendant, with intent to decive plaintiff and cross-defendant, such information.''

There was absolutely no proof of any fiduciary relationship between the parties. Therefore the above finding is supported.

7. ''That it is not true that the plaintiff and cross-defendant was in fact so deceived.''

Since the record fails to disclose that defendant made any misrepresentations to plaintiff the foregoing finding is supported by the evidence.

8. ''That it is not true, that if the plaintiff had known such facts he would not have entered into the said agreement of lease; and that it is not true that the defendant well knew that the plaintiff would not have entered into the said agreement had he known such facts.''

The record is susceptible to interpretation that plaintiff knew all the facts which were known to defendant. Therefore the foregoing finding is correct.

9. ''That it is not true that by reason of fraudulent representations regarding the said premises, the said premises were rendered utterly unfit for use by plaintiff for a store of any kind.''

The witness Lankford gave testimony which if believed by the trial court gave rise to an inference which would support the foregoing finding. An analysis of the testimony of defendant would support an inference sustaining the foregoing

finding. The record disclosed ample evidence to support a finding that the premises had not been rendered unfit for a store of any kind.

10. "That it is not true that the plaintiff, relying upon representations of the defendant, made extensive preparations for the opening of the store in the said premises on the first day of May, 1947; that it is not true that, by reason of fraudulent representations by the defendant, plaintiff was forced to cancel such plans. That it is not true that the plaintiff has been damaged by reason of fraudulent representations by the defendant."

The testimony fails to show any extensive preparations made by plaintiff for opening a store on the leased premises.

In view of the fact that the trial court's findings are supported by evidence even though contrary findings might have been supported, this court is bound by the action of the trier of fact.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied February 26, 1951, and appellant's petition for a hearing by the Supreme Court was denied April 5, 1951.